[No. 2681–3.   Division Three.   November 22, 1978.]

TACOMA–PIERCE COUNTY PUBLIC HEALTH EMPLOYEES
ASSOCIATION, ET AL, *Appellants,* v. TACOMA–
PIERCE COUNTY HEALTH DEPARTMENT,
ET AL, *Respondents.*

2

*Kenneth S. Kessler,* for appellants.

*Don Herron, Prosecuting Attorney, Terry D. Sebring, Deputy,* and *Robert Atkinson,* for respondents.

GREEN, J.—This appeal raises one question: whether, in the circumstances presented, RCW 49.60.180(3) creates a cause of action for sex discrimination when an employer pays men employed in certain positions higher wages than women employed in other, dissimilar positions alleged to be of equal or greater worth. The trial court answered in the negative and granted summary judgment. We affirm.

The facts are undisputed. The plaintiffs are female employees of the Tacoma–Pierce County Health Department. They hold jobs which women have traditionally staffed: licensed practical nurse, public health nurse, public health nurse specialist, public health nurse supervisor, physical therapist, home health aide, and registered nurse. Plaintiffs compare their positions to certain other jobs in the Health Department, historically held by men, which pay higher salaries than their positions. These jobs may generally be characterized as public health sanitation positions and include meat sanitarian, vector control and environmental health specialists, and vector control and environmental health supervisors. The parties have stipulated that the two categories of positions are not substantially similar. Plaintiffs do not allege that the Department has denied them employment in these higher paid positions or that the Department, in the past, has refused to hire women to fill these jobs. In fact, the record reflects that some males hold positions in plaintiffs' category and some females hold positions in the sanitarian category. Plaintiffs

do allege that a substantial number of their jobs are held by females and that males predominantly hold the other positions.

The plaintiffs seek to prove that the wage differential is based upon the sex of the jobholder rather than upon the qualifications of the employee or the demands of the position. They propose to establish a violation of RCW 49.60.180(3) by presenting evidence of (1) a study conducted by an expert, which utilizes a method of comparing relative job worth that is not dependent upon substantially equal tasks in the jobs being compared, and (2) statements made by a former Health Department official in 1955 to the effect that men are paid more because they are the breadwinners for their families. The expert's study evaluates each job with respect to the knowledge and skill it requires, the mental demands the job places upon the employee, the accountability of the jobholder, and the working conditions in which the employee must perform his duties. According to the study, the plaintiffs' jobs are of equal or greater worth than the sanitation positions predominantly held by males in the Department.

Under RCW 49.60.030, the right to be free from sex discrimination is recognized as a civil right and includes: "the right to obtain and hold employment without discrimination". RCW 49.60.180 specifically provides that:

It is an unfair practice for any employer:

. . .

(3) To discriminate against any person in compensation . . . because of such person's . . . sex . . .

These provisions are to be construed liberally, RCW 49.60-.020, and in fulfillment of the state constitution. RCW 49.60.010. Amendment 61 to the Washington Constitution, the equal rights amendment, states that:

Equality of rights and responsibility under the law shall not be denied or abridged on account of sex.

Although the theory of equal pay for jobs of equal worth has been articulated by parties seeking relief under Title 7

of the Civil Rights Act of 1964,[1] plaintiffs are the first to espouse it in an action brought under our State discrimination statute. The theory is premised on the argument that women are paid at lower rates because they are victims of past discrimination. That is, when women first began to enter the job market in significant numbers, they were denied employment in many jobs either because federal protective legislation restricted the number of hours that a woman could work or the type of tasks that she could perform, or because society in general disapproved of women holding "men's jobs." Consequently, women were channeled into certain positions, resulting in an over–supply of applicants for those jobs and a corresponding depression in the wages paid. See authorities cited in *Christensen v. Iowa*, 563 F.2d 353, 355 n.6 (8th Cir. 1977); C. Gitt and M. Gelb, *Beyond the Equal Pay Act: Expanding Wage Differential Protections Under Title 7*, 8 Loy. L.J. 723 (1977). The question is whether this pattern of historical discrimination justifies a suit under RCW 49.60.180(3) when the defendant employer has not discriminated on the basis of sex, but has only adopted the wage scales of the marketplace.[2]

---

[1] 42 U.S.C. § 2000(e)–2 states:
"(a) Employer practices
"It shall be an unlawful employment practice for an employer—
"(1) . . . to discriminate against any individual with respect to his compensation . . . because of such individual's . . . sex . . .
". . .
"Notwithstanding any other provision of this subchapter . . . It shall not be an unlawful employment practice under this subchapter for any employer to differentiate upon the basis of sex in determining the amount of the wages . . . paid . . . if such differentiation is authorized by . . . [29 U.S.C.] section 206(d) [Federal Equal Pay Act] . . ."

[2] In his affidavit, Herbert Kuzniczci, director of defendant's personnel department and member of the labor negotiations committee which places wage recommendations before the Health Department board for approval, states that the labor negotiations committee reviews and looks at the prevailing market rates in both the private and the public sectors to determine what the prevailing wage is for those similarly employed. According to Mr. Kuzniczci, the sex of the employees is not considered in determining wages. He believes that the plaintiffs are in fact being paid at a higher rate than nurses similarly employed in private industry

The federal courts, considering this question in the context of Title 7, have answered it negatively.[3] *Christensen v. Iowa, supra; Orr v. Frank R. MacNeill & Son, Inc.,* 511 F.2d 166 (5th Cir. 1975); *Ammons v. Zia Co.,* 448 F.2d 117 (10th Cir. 1971). The *Orr* and *Ammons* courts held that the plaintiffs must show that the jobs compared are substantially similar in order to maintain an action for sex discrimination under the federal law.[4] In *Christensen,* the court held that the plaintiffs failed to demonstrate that the difference in wages rested upon sex discrimination and not on some other legitimate reason. The argument that the defendant's policy of looking to market rates was actionable because it perpetuated wage differences resulting from past discrimination was rejected. According to *Christensen,* such an argument misconstrues the purposes of Title 7. The court reasoned that the policy behind Title 7 is to insure equal opportunities in employment on the basis of fitness and without discrimination. Equality of opportunity was not at issue in *Christensen,* as the defendant there had not denied women employment in any position. Therefore, the

and are the second highest paid in the state in the public sector. The affidavit of the City Manager of Tacoma generally confirms Mr. Kuzniczci. Neither of these affidavits was controverted by plaintiffs.

[3]WAC 162–30–010 provides that the Washington State Human Rights Commission will generally follow interpretations of the sex discrimination provisions of Title 7, if Title 7 is comparable to RCW 49.60. However, federal precedents will not control where a different interpretation better carries out the purposes of the state act.

[4]This analysis flows from the courts' conclusion that, in sex discrimination cases, Title 7 must be read in pari materia with the Federal Equal Pay Act, which specifically requires that the jobs be performed under similar working conditions. 29 U.S.C. § 206(d)(1). The Bennett Amendment to Title 7 states that an employment practice authorized by the Equal Pay Act shall not be an unlawful employment practice under Title 7. Here, we need not reach the question of whether RCW 49.60.180(3) must be read in pari materia with the state equal pay act, RCW 49.12.175, because we dispose of the case on another ground.

court rejected the plaintiffs' claim for relief under the federal act. *Christensen v. Iowa, supra* at 356.[5]

■ We find the *Christensen* rationale persuasive and hold that in order to maintain an action for sex discrimination under RCW 49.60.180(3), the plaintiffs must allege and submit proof of an *act* of discrimination on the part of the named defendant. An allegation that past discrimination on the part of *other* employers has influenced the defendant's pay scales is not sufficient. Here, the Health Department denied that it had discriminated on the basis of sex. The plaintiffs have not pointed out any specific *act* of discrimination on the part of the Department to rebut this denial. It is not disputed that women could apply for and be hired in any job which opened in the Department, and that, once hired, they commanded the same wages as men holding that job. The statement made by the former official to the effect that men are paid more than women because men are the breadwinners of their families is not proof of a discriminatory practice on the part of the Department. Rather, this statement merely identifies one historical basis for the disparity in wages reflected throughout the marketplace.

■ We would ignore economic realities if we required an employer to pay employees of different sexes the same compensation for different jobs which may, subjectively, be of equal value to the employer. The subjective value of the job is only one factor in setting wages. RCW 49.60 does not prohibit an employer from considering other factors such as the supply of workers willing to do the work and the ability of certain classes of employees to band together to bargain collectively for higher rates. So long as the wage differences are not traceable to a discriminatory practice on the part of the employer, RCW 49.60 is not violated.

---

[5]*Compare* E.E.O.C. Decisions, 6300 (1971), in which the Equal Employment Opportunity Commission found that equality of opportunity was at issue where evidence indicated that the employer's present pay scales were not free of the influence of that employer's past discrimination against women.

In view of our holding, we need not reach the issue on which the trial court made its disposition, *i.e.,* whether the jobs being compared must be "substantially similar" in order to support a cause of action under RCW 49.60.180(3). Nor need we reach the other issue raised by the defendants in defense concerning the fact that the plaintiffs had negotiated wage scales through their union representatives and that a contract had been executed between the union and the defendants.

Since no actionable discrimination has been shown, we affirm the order granting the defendants' motion for summary judgment.

McINTURFF and ROE, JJ., concur.

Reconsideration denied February 9, 1979.

Review denied by Supreme Court May 4, 1979.