**Sharon K. TIDWELL, Plaintiff,**

v.

**FORT HOWARD CORPORATION, Defendant.**

No. 90–104–S.

United States District Court, E.D. Oklahoma.

Feb. 8, 1991.

**9.** *See Bryant v. Riddle Memorial Hospital,* 689 F.Supp. 490 (E.D.Penn.1988).

Kathy Evans Borchardt, Tulsa, Okl., for plaintiff.

David E. Strecker, Deirdre O. Dexter, Tulsa, Okl., for defendant.

## OPINION

SEAY, Chief Judge.

*Background*

This case came on for trial before a jury on November 13, 1990, through November 15, 1990, on plaintiff's claim under the Equal Pay Act, 29 U.S.C. § 206(d). Plaintiff, a female employee of defendant, alleged that defendant violated the Equal Pay Act by discriminating against her on the basis of her sex by paying her a lower wage than men for equal work on jobs performed, under similar working conditions, which require substantially equal skill, effort, and responsibility. The jury returned a verdict in favor of plaintiff and awarded her a two-year back pay amount of $18,132.40. The jury's limitation of the back pay amount to a two-year period was based on its finding that defendant did not willfully violate the provisions of the Equal Pay Act.

As a parallel statutory remedy, plaintiff invoked the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., alleging that defendant discriminated against her on account of her sex. After submission of the Equal Pay Act claim to the jury, the court proceeded with plaintiff's Title VII claim. Plaintiff declined to present further evidence to establish her Title VII claim and elected to rest on the evidence presented to the jury to support a finding by the court that defendant discriminated against her on the basis of her sex in violation of Title VII.

Now before the court for resolution is plaintiff's Title VII claim along with ancillary issues concerning liquidated damages under the Equal Pay Act, front pay, reclassification, and prejudgment interest. Based upon all of the evidence admitted and the credibility of the witnesses, the court makes the following findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

*Findings of Fact*

Plaintiff is a female employed by defendant as a raw materials supervisor at defendant's Muskogee County, Oklahoma, paper mill.[1] She began her employment with defendant on or about October 31, 1984, working as an accounts payable clerk. This position was classified as salaried, non-exempt with overtime paid. In June 1986, plaintiff was promoted to the position of raw materials coordinator and continued as a salaried, non-exempt employee with overtime paid. In March 1989, plaintiff was promoted to raw materials supervisor, a salaried, exempt position with no overtime paid. In her current position of raw materials supervisor, plaintiff is responsible for requisitioning raw materials used to prepare the finished paper products and for ordering the paper used to produce the finished paper products.

Prior to 1984, no separate raw materials department existed at defendant's paper mill. In November 1984, defendant created a raw materials department with one salaried, exempt position. In 1986, defendant created a second position in the raw materials department and classified that position as salaried, non-exempt. When these new positions were created, defendant set the respective salaries based upon the duties, skills, and responsibilities attendant to such positions. In June 1986, when plaintiff was promoted to the newly created raw materials coordinator position, she was paid a salary of $13,500. In March 1989, when plaintiff was promoted to raw materials supervisor, she was paid a salary of $23,000.

Throughout her employment with defendant, plaintiff has been a competent and valued employee and has received several within-classification salary increases along with increases accompanying her promotions. Viewed in isolation, plaintiff's salary history fails to reveal even a scintilla of discriminatory intent on the part of defendant. Plaintiff was afforded regular salary increases and was promoted twice within a five-year period of time. Additionally, there was no evidence presented to establish that defendant's salary structure was based on anything but objective criteria in the form of the duties, skills, and responsibilities connected with the particular positions.

■ The only evidence presented at trial which would have the tendency to prove discriminatory conduct on the part of defendant relates to compensation paid to Bruce Smith (Smith) and Harold Willard (Willard), two of defendant's employees who temporarily performed duties associated with the raw materials department. A closer look at such evidence, however, reveals that defendant articulated legitimate, nondiscriminatory reasons for compensating Smith and Willard at a higher rate than plaintiff for the time they performed work in the raw materials department. Both Smith and Willard performed their duties in the raw materials department as part of temporary job assignments. Neither was actually transferred or assigned to the raw materials department on a permanent basis. Their temporary assignments resulted from a valid assessment of operations demands at defendant's mill.

Smith performed work as a machine operator in defendant's folder department prior to performing duties on a temporary basis in the raw materials department. As a part of the folder department, Smith was classified as a mill hourly employee eligible for overtime pay. Willard performed work as a shift supervisor and was classified as a salaried, exempt employee prior to performing duties on a temporary basis in the

---

**1.** It is stipulated that defendant is an "employer" within the meaning of 42 U.S.C. § 2000e and that plaintiff has exhausted her administrative remedies, and in all respects performed all conditions precedent to this action.

raw materials department. While working out of the raw materials department, both Smith and Willard continued to be classified in their permanent positions as mill hourly employee and shift supervisor, respectively. Both were compensated at their usual rate of pay in accordance with their respective permanent classifications. To have paid them according to the salary structure for raw materials employees would have resulted in their taking a pay reduction for their temporary assignments.

Defendant had valid operational goals in mind when it temporarily assigned Smith and Willard to the raw materials department. Further, these goals were implemented for legitimate, nondiscriminatory reasons dealing with the needs and functions of defendant's mill. Compensating Smith and Willard at a rate of pay greater than that rate paid to permanent raw materials employees, such as plaintiff, was also a legitimate, nondiscriminatory decision in light of the temporary nature of their assignment and their higher salaries for their permanent assignments.

The court concludes that defendant has articulated legitimate, nondiscriminatory reasons for the pay differential and that plaintiff has wholly failed to present any evidence which indicates, much less proves, that defendant intentionally discriminated against her on the basis of her sex. This conclusion is further supported by the jury's determination that defendant did not willfully violate the provisions of the Equal Pay Act.

*Conclusions of Law*

■ Given the overlapping factual circumstances and the assertion of parallel statutory schemes, the court finds it necessary to analyze the interplay between Title VII and the Equal Pay Act and the effect of the jury's findings herein. The underlying rationale of the Equal Pay Act is that individuals who are doing equal work should be paid equal wages, regardless of their sex. *Maxwell v. City of Tucson*, 803 F.2d 444, 446 (9th Cir.1986) (citing *E.E.O.C.*

*v. Maricopa County Community College District*, 736 F.2d 510, 513 (9th Cir.1984)). An aggrieved female employee, such as plaintiff, who is claiming an Equal Pay Act violation has the initial burden of proving the following: 1) that she and male employees of defendant are doing substantially equal work on jobs the performance of which requires substantially equal skill, effort, and responsibility; 2) that the jobs are performed under similar working conditions; and 3) that she has been paid a lower wage than male employees doing equal work. *Corning Glass Works v. Brennan*, 417 U.S. 188, 195, 94 S.Ct. 2223, 2228, 41 L.Ed.2d 1 (1974); *see also Schwartz v. Florida Board of Regents*, 807 F.2d 901, 907 (11th Cir.1987); *Strecker v. Grand Forks County Social Services Board*, 640 F.2d 96, 99–100 (8th Cir.1980) (en banc). Once a plaintiff satisfies this initial burden, i.e. prima facie case, the burden of *persuasion* shifts to the defendant employer to establish that the difference in wages was the result of legitimate factors and was not based on sex. *Corning Glass Works*, 417 U.S. at 196, 94 S.Ct. at 2229; *Maxwell*, 803 F.2d at 446. These factors listed as statutory exceptions under § 206(d)(1) of the Equal Pay Act are (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.

■ This shifting of the burden of proof to the defendant under the Equal Pay Act is of distinguishing importance when evaluating factual circumstances under both the Equal Pay Act and Title VII.[2] Unlike the requirements for a successful disparate treatment Title VII claim, the Equal Pay Act does not require a showing of discriminatory intent; rather, the Equal Pay Act creates a type of strict liability. *Strecker*, 640 F.2d at 99 n. 1; *Maxwell*, 803 F.2d at 446; *Patkus v. Sangamon–Cass Consortium*, 769 F.2d 1251, 1260 n. 5 (7th Cir. 1985). Title VII, on the other hand, requires proof that "the defendant had a

---

**2.** This court has jurisdiction over plaintiff's Title VII claim by virtue of 28 U.S.C. § 1331 and 42 U.S.C. § 2000e–5(f)(3). Venue is proper under

28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e–5(f)(3).

discriminatory intent or motive." *Watson v. Fort Worth Bank & Trust,* 487 U.S. 977, 986, 108 S.Ct. 2777, 2784, 101 L.Ed.2d 827 (1987); *see McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Under Title VII, once the plaintiff establishes a prima facie case of intentional discrimination, the defendant is only saddled with the burden of *producing* some evidence that it had a legitimate, nondiscriminatory reason for its actions. *Watson,* 487 U.S. at 986, 108 S.Ct. at 2784. "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Burdine,* 450 U.S. at 253, 101 S.Ct. at 1093.

■ In the instant case, plaintiff's establishment of her Equal Pay Act claim does not axiomatically establish her Title VII claim of intentional discrimination on the basis of sex. The jury's verdict finding an Equal Pay Act violation does not establish intentional discrimination on the part of defendant as an Equal Pay Act violation does not require a finding of intentional discrimination. The jury's verdict indicates only that plaintiff established a prima facie case and that defendant failed in its burden of *proving* one of the affirmative defenses listed under the Equal Pay Act.

With respect to plaintiff's Title VII claim, however, the court has found that defendant has satisfied its burden of *production* by articulating legitimate, nondiscriminatory reasons for the plaintiff's pay differential. Plaintiff has failed to come forward with any evidence to prove that these reasons were a pretext for discrimination. Thus, plaintiff has failed to meet her ultimate burden of proving that defendant has discriminated against her on account of her sex. *Burdine,* 450 U.S. at 255–56, 101 S.Ct. at 1094–95. Accordingly, the court finds that plaintiff's Title VII claim must fail. Defendant is entitled to judgment in its favor on plaintiff's Title VII claim and, consequently, plaintiff's requests for front pay and reclassification under the authority of Title VII are denied.

■ Additionally, with respect to plaintiff's request for liquidated damages in connection with her successful Equal Pay Act claim, the court finds that it has the discretion under 29 U.S.C. § 260 to limit or deny liquidated damages upon a showing by defendant that its failure to comply with the Equal Pay Act was in good faith and predicated upon reasonable grounds for the belief that it was in compliance. *See Crenshaw v. Quarles Drilling Corp.,* 798 F.2d 1345, 1351 (10th Cir.1986); *Clymore v. Far–Mar–Co.,* 709 F.2d 499, 505 (8th Cir.1983); *Thompson v. Sawyer,* 678 F.2d 257, 282 (D.C.Cir.1982); *Laffey v. Northwest Airlines,* 567 F.2d 429, 463–66 (D.C.Cir.1976), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978); *Pedreyra v. Cornell Prescription Pharmacies,* 465 F.Supp. 936, 950 (D.Colo.1979). Based upon the jury's finding of a non-willful violation and pertinent findings of fact above, the court concludes that defendant has established that its failure to comply with the provisions of the Equal Pay Act was in good faith and based upon reasonable grounds for the belief that its conduct was in compliance with the Equal Pay Act. No discretionary award of liquidated damages is warranted under the facts herein.

■ Finally, the court finds that in order to make plaintiff whole she is entitled to an award of prejudgment interest on her back pay recovery under the Equal Pay Act. *EEOC v. Liggett & Myers, Inc.,* 690 F.2d 1072, 1074 (4th Cir.1982). Thus, plaintiff is entitled to have the interest rate of 9.43 percent (the Treasury bill rate as of March 9, 1989—the approximate midpoint of plaintiff's back pay period award) applied to her back pay award of $18,132.40, (compounded annually from March 9, 1989), resulting in an award of prejudgment interest in the amount of $3,447.35.

IT IS SO ORDERED.

## JUDGMENT

Pursuant to the jury's verdict returned on November 15, 1990, and the court's find-

ings of fact and conclusions of law entered simultaneously herein, the court enters this judgment as required by Rule 58 of the Federal Rules of Civil Procedure.

It is therefore ordered, adjudged and decreed by the Court as follows:

1. That plaintiff is entitled to recover against defendant for defendant's non-willful violation of the provisions of the Equal Pay Act, 29 U.S.C. § 206(d). That plaintiff is awarded the back pay amount of $18,-132.40, plus prejudgment interest in the amount of $3,447.35.

2. That plaintiff failed to establish her claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and is therefore entitled to recover nothing from defendant on her Title VII claim.

3. That any award of costs or attorney fees shall be assessed following entry of this judgment. The clerk of the court shall tax costs in accordance with Rule 54(d) of the Federal Rules of Civil Procedure. Plaintiff is given ten (10) days within which to submit proper application and documentation in relation to costs and attorney fees. Defendant is given ten (10) days thereafter in which to respond.