**Sharon K. TIDWELL, Plaintiff–Appellee, Cross–Appellant,**

v.

**FORT HOWARD CORPORATION, a Delaware corporation, Defendant–Appellant, Cross–Appellee.**

**Nos. 91–7063, 91–7069.**

United States Court of Appeals, Tenth Circuit.

March 24, 1993.

---

408

David E. Strecker (Leslie C. Rinn, with him, on the briefs), of Shipley, Inhofe & Strecker, Tulsa, OK, for defendant-appellant, cross-appellee.

Laura Emily Frossard, Tulsa, OK, for plaintiff-appellee, cross-appellant.

Before McKAY, Chief Judge, SETH and McWILLIAMS, Circuit Judges.

SETH, Circuit Judge.

The Plaintiff Sharon K. Tidwell brought an Equal Pay Act claim, Fair Labor Standards Act, 29 U.S.C. § 206(d), combined with a cause of action under Title VII, 42 U.S.C. § 2000e, against the Defendant Fort Howard Corporation, her employer. The causes were tried in one proceeding. The jury returned a verdict for the Plaintiff on the Equal Pay Act claim (two years back pay), but held that the Defendant's violation was "nonwillful." 756 F.Supp. 1487. On the Title VII cause the trial court entered judgment for the Defendant.

This appeal centers on the comparison or contrast between the jury verdict for Plaintiff in the EPA cause and the court's judgment for the Defendant in the Title VII cause. Both matters were tried at the same time and the evidence is in one package.

The position of the Plaintiff is basically that the jury verdict decided both causes. The Plaintiff appeals the denial of liquidated damages and the trial court's ruling on attorney fees. She also appeals the trial court's judgment on the Title VII cause. The Defendant Fort Howard appeals from the denial of its motion for judgment n.o.v. and the denial of its alternative motion for a new trial on the EPA cause.

The Defendant Fort Howard has a paper products mill in Oklahoma where Sharon Tidwell was employed beginning in 1985 as an accounts payable clerk. She received several advances after moving into the raw materials department which was expanding. She was put in a supervisory position in 1989, and became Coordinator of that department. She succeeded a male in that position who had been paid a higher salary than Plaintiff was paid.

The predecessor had been transferred some four years before from a job as machine operator into the materials department. His position as Coordinator was carried as "temporary" as was the company policy when employees were moved to a different department from jobs which were higher paid into a department where the scale was lower. The Defendant's evidence was that this was done so the employee would not have to take a pay cut and for seniority reasons was considered to be in his original department. There was another male employee in the raw materials department under similar circumstances. The "temporary" classification for her predecessor had been for some four years.

Much of the EPA evidence was, of course, directed to an element of Plaintiff's prima facie case, that is, whether her duties and job circumstances were substantially the same as those of her male predecessors. *Nulf v. International Paper Co.,*

656 F.2d 553 (10th Cir.). With the evidence on that element, and the others, we must conclude that Plaintiff established a prima facie case under the EPA. *Corning Glass Works v. Brennan,* 417 U.S. 188, 94 S.Ct. 2223, 41 L.Ed.2d 1. The burden of *persuasion* was then fully on the Defendant to persuade the jury, if it could, that one or more of the four statutory reasons existed to permit the pay disparity as listed in the Act, 29 U.S.C. § 206(d)(1)(i). These the Supreme Court refers to as "affirmative defenses," *County of Washington v. Gunther,* 452 U.S. 161, 101 S.Ct. 2242, 68 L.Ed.2d 751, and hereinafter listed. It is apparent that the jury was not so persuaded, but it did find Defendant's acts nonwillful.

There is the somewhat unusual and significant element in the determination by the EPA jury. That is the finding the EPA violation was "nonwillful." Also in a related point, the trial court *in the EPA cause* denied liquidated damages after referring to the evidence generally and to the jury's "nonwillful" finding.

### The EPA Case

■ It seems necessary to repeat the several elements and the order of proof established by statute and decisions in Equal Pay Act cases and in Title VII cases. In EPA cases the plaintiff, to establish a prima facie case under *Corning Glass Works v. Brennan,* 417 U.S. 188, 94 S.Ct. 2223, has the burden of proving that (1) she was performing work which was substantially equal to that of the male employees considering the skills, duties, supervision, effort and responsibilities of the jobs; (2) the conditions where the work was performed were basically the same; (3) the male employees were paid more under such circumstances.

■ If a prima facie case is so established under the EPA the *defendant* must undertake the burden *of persuading* the jury that there existed reasons for the wage disparity which are described in the Equal Pay Act, 29 U.S.C. § 206(d)(1). These reasons are: (1) a seniority system; (2) a merit system; (3) a pay system based on quantity or quality of output; (4) a disparity based on any factor other than sex.

If the defendant fails to convince the jury with its evidence of one or more of the "affirmative defenses" listed above the plaintiff will prevail on her prima facie case.

### Title VII (42 U.S.C. § 2000e)

It may be repetitious to describe the elements of a Title VII action as they appear at length in all Title VII opinions, but we are necessarily concerned with the comparison of the trial requirements between Title VII and the EPA, especially the elements of the order of proof and the burdens of persuasion. These were fully described and examined by the trial court in its Findings of Fact and Conclusions of Law. *See also Skinner v. Total Petroleum, Inc.,* 859 F.2d 1439 (10th Cir.), hereinafter quoted.

■ Thus under Title VII once the plaintiff has established a prima facie case the defendant must then produce some evidence, or at least as some cases indicate, articulate a nondiscriminatory reason for the disparate treatment. If this is done, the plaintiff continues or reverts to his or her basic burden to persuade the trier of fact that the defendant, regardless of the reasons advanced, intentionally discriminated against plaintiff. *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, at 253, 101 S.Ct. 1089, at 1093, 67 L.Ed.2d 207; *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668. *See Watson v. Ft. Worth Bank & Trust,* 487 U.S. 977, 108 S.Ct. 2777, 101 L.Ed.2d 827.

### Comparisons—EPA and Title VII

The trial court, in the case before us, concluded Plaintiff had completely failed in her Title VII proof. The court, in part, made these findings of fact:

"The only evidence presented at trial which would have the tendency to prove discriminatory conduct on the part of defendant relates to compensation paid to Bruce Smith (Smith) and Harold Willard

(Willard), two of defendant's employees who temporarily performed duties associated with the raw materials department. A closer look at such evidence, however, reveals that defendant articulated legitimate, nondiscriminatory reasons for compensating Smith and Willard at a higher rate than plaintiff for the time they performed work in the raw materials department. Both Smith and Willard performed their duties in the raw materials department as part of temporary job assignments. Neither was actually transferred or assigned to the raw materials department on a permanent basis. Their temporary assignments resulted from a valid assessment of operations demands at defendant's mill.

. . . .

"The court concludes that defendant has articulated legitimate, nondiscriminatory reasons for the pay differential and that plaintiff has wholly failed to present any evidence which indicates, much less proves, that defendant intentionally discriminated against her on the basis of her sex. This conclusion is further supported by the jury's determination that defendant did not willfully violate the provisions of the Equal Pay Act."

We must conclude that the evidence put on by the Plaintiff when applied to the Title VII claim did not meet her burden of proof. Specifically, it did not show an *intentional* discrimination by Defendant directly or indirectly, and no evidence was directed to this issue.

It is apparent that the same evidence was used for both claims. The Plaintiff did not put on further proof directed to the judge's consideration of Title VII nor did the Defendant. The different procedure under the two statutes as to the burden of proof, and the different elements to be established, were, of course, applied to the same evidence.

The application by the trial court of the different requirements in the two statutes, and the decisions under each, resulted, as mentioned, in the jury verdict for Plaintiff in the EPA cause of action, and the court's

judgment for the Defendant in the Title VII cause.

The circuits are divided on the impact of a jury verdict in a discrimination case combined with a Title VII case. *See Korte v. Diemer*, 909 F.2d 954 (6th Cir.); *Fallon v. Illinois*, 882 F.2d 1206 (7th Cir.); *Peters v. Shreveport*, 818 F.2d 1148 (5th Cir.); *McKee v. Bi–State Development Agency*, 801 F.2d 1014 (8th Cir.); *Brewster v. Barnes*, 788 F.2d 985 (4th Cir.); *Kouba v. Allstate Insurance Co.*, 691 F.2d 873 (9th Cir.); *Odomes v. Nucare Inc.*, 653 F.2d 246 (6th Cir.).

We have carefully considered our opinion in *Ammons v. Zia Co.*, 448 F.2d 117 (10th Cir.). The case concerned a sex case brought under Title VII and the court considered provision of the EPA. It required a showing of equal work by reason of 29 U.S.C. § 206(d)(1). The Supreme Court as to the order of proof, burdens, and otherwise has made many changes since 1971 which have substantially modified *Ammons. See County of Washington v. Gunther*, 452 U.S. 161, 101 S.Ct. 2242, *McDonnell Douglas, Burdine*, and cases cited herein.

The authorities must be evaluated with consideration given to which statutes have been combined in the one action. The Plaintiff argues that the jury verdict in the EPA case constitutes indirect evidence of intentional discrimination. We cannot agree. In reality, there was nothing whatever to show any intentional discrimination.

There was a failure of proof by Plaintiff on her Title VII cause. We have held that even a disparate treatment finding alone is not enough under Title VII. *EEOC v. Flasher Co., Inc.*, 986 F.2d 1312 (10th Cir.). There is nothing in the legislative history of either statute to indicate that the order of proof and the burdens of Title VII were altered by the Bennett Amendment, hereinafter considered, for sex-pay discrimination cases. As the court said in *Fallon v. Illinois*, 882 F.2d 1206 (7th Cir.):

"We see no reason why this class of case—sex-based wage discrimination— deserves special treatment under Title

VII as distinct from race, color, religion, or national origin cases."

The *Fallon* court could also find nothing in the Bennett Amendment to reallocate burdens.

### The Bennett Amendment

■ As mentioned, we find nothing in the sparse legislative history of the Bennett Amendment that requires the trial of sex-based pay discrimination is to be handled differently as to basic elements from other Title VII actions. That is a different sequence of proof, different burdens and different prima facie requirements. This would be a substantial change derived from very vague language were the EPA burdens, order of proof, and elements of the cause to be carried over into Title VII. The Supreme Court in *County of Washington v. Gunther,* 452 U.S. 161, 101 S.Ct. 2242, did not decide the full impact of the Bennett Amendment on the combination of the two Acts except as to whether the EPA requirement of "equal work" was incorporated in Title VII. The Court emphasized that the purpose of the Bennett Amendment was to incorporate the EPA four "affirmative defenses" into Title VII in sex-based wage discrimination cases, but not the EPA equal work requirement. No mention was made of the order of proof and burdens in Title VII by the Court. It expressly did not decide:

> "We do not decide in this case the precise contours of lawsuits challenging sex discrimination in compensation under Title VII."

It must be assumed that there was not an "incorporation" of such elements nor a modification of the intentional discrimination requirement of Title VII in sex-based wage discrimination cases. The statement by Justice O'Connor concurring in *Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268, is significant:

> "It would be odd to say the least if the evidentiary rules applicable to Title VII actions were themselves dependent on the gender or the skin color of the litigants."

The statute provides for the determination of whether the defendant acted willfully to trigger a possible extension of the statute of limitations from two years to three. It also provides a like determination as to whether liquidated damages should be awarded. 29 U.S.C. § 260. The latter is made expressly a matter for the trial court's discretion. The statute does not expressly provide for any other impact of willfulness or for an affirmative finding of nonwillfulness.

The jury here found, as mentioned, that Defendant's acts were nonwillful. We see no reason why that jury determination should not apply to all aspects of the EPA case and the Title VII case. The statute does not limit its use. It is a characterization of the reality of the acts and relationship of the parties out of which the cases arose and it should not be ignored as to important issues tried.

### Liquidated Damages

■ The Plaintiff appealed the trial court's finding that the EPA violation was not such as to authorize the award of liquidated damages under 29 U.S.C. § 260, which are ordinarily ordered by the court. She urges the court did not make adequate findings and relied only on the jury nonwillful verdict. *See Crenshaw v. Quarles Drilling Corp.,* 798 F.2d 1345 (10th Cir.). In her brief she argues that the court did not find expressly "good faith" and "honest intention." She states in her brief on this point, at page 19, a conclusion which relates more to the impact of the jury finding of nonwillfulness and intentional discrimination:

> "The jury's finding that Fort Howard's violation of the Equal Pay Act was nonwillful shows that Fort Howard proved by a preponderance of the evidence that it did not act knowingly or with reckless disregard."

In our view the "proof" that Defendant did not act "knowingly" is the equivalent to not intentional.

## Conclusion

Since there was no evidence whatever, direct or indirect, on the basic elements of Title VII, that is intentional discrimination, and since the showing here made under the EPA cause only met the very limited and modest requirement there required, we cannot compare the combination of statutory causes with those cases concerned with other mixes.

We affirm the trial court's judgment in the Title VII cause, but there is more.

## The VII Amendment of the Constitution

■ There is to be added a significant factor to the above consideration. This is the finding by the jury that the EPA violation by Defendant was "nonwillful." This is, in our view, very significant on the EPA–Title VII sorting because it raises an issue under the VII Amendment to the Constitution.

If this nonwillfulness was a jury finding on a factual element of the cases as to the relationship and acts of the parties, and we hold that it is, the trial court had no choice under the VII Amendment but to reach the same result on the intentional discrimination element of the Title VII action. It was an element of both cases. Whether the trial judge actually followed the jury finding or whether the judge independently reached the same determination, or both, does not matter as the result is the same. The position taken by the jury prevailed.

In *Skinner v. Total Petroleum, Inc.*, 859 F.2d 1439 (10th Cir.), this Constitutional issue is presented in a somewhat different case, a combined trial of a § 1981 claim and a Title VII claim, but the doctrine is examined. The § 1981 action sought several remedies including back pay and damages which required the claim to be tried to a jury, and Title VII remedies to be tried to the court. The jury awarded $13,945.48 as back pay under § 1981. The court awarded Title VII damages for back pay and "lost benefits" under Title VII in the amount of $40,000.00. The trial court denied plaintiff's motion to set aside the jury verdict. The opinion in *Skinner* in the § 1981–Title VII comparison states:

"The strictures of the Seventh Amendment are particularly applicable in a case where, due to the presence of both equitable and legal issues, trial is both to the jury and to the court. In such a situation, when a case involves both a jury trial and a bench trial, any essential factual issues which are central to both must be first tried to the jury, so that the litigants' Seventh Amendment jury trial rights are not foreclosed on common factual issues."

(Citations omitted.) The essential factual issue was discrimination and both contemplate a determination on whether it was intentional and whether it was willful. The opinion in *Skinner* also states:

"Moreover, the court is bound by the jury's determination of factual issues common to both the legal and equitable claims. *Hunter v. Allis–Chalmers Corp., Engine Div.*, 797 F.2d 1417, 1421 (7th Cir.1986); *Lincoln v. Board of Regents of the Univ. System of Ga.*, 697 F.2d 928, 934 (11th Cir.)...."

Thus, as mentioned, the trial court was bound by the jury finding of non-willfulness made in the EPA action. Thus, whether as a VII Amendment requirement or independently it was applied in the Title VII action. Again, it made no difference as the jury verdict was preserved.

■ We must hold that the trial court's conclusion as to liquidated damages in the EPA action was correct. The trial court was in error in the reduction of attorney fees. There was, as we have seen, one bundle of evidence and there was substantial success for the Plaintiff.

As to attorney fees, the Plaintiff was the prevailing party. The trial court stated that "she succeeded on the significant issue of rectifying her past pay disparity." As mentioned, there was one bundle of proof presented on the three issues. There was no way to separate the work on the core issue. Plaintiff prevailed on the basic issue in the three causes. Her attorneys were entitled to be fully compensated pursuant to *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40, *Spulak v. K*

*Mart Corp.*, 894 F.2d 1150 (10th Cir.), and *Starrett v. Wadley*, 876 F.2d 808 (10th Cir.), rather than having reductions made for the Title VII matter and the state law claims. Thus it was not a "total victory."

The case is REVERSED as to attorney fees but is otherwise AFFIRMED. IT IS SO ORDERED.