Loveit **BAUMGARDNER** and
Connie **Pulley**, Plaintiffs,

v.

**ROA GENERAL, INC.**, Reagan National Advertising of Austin, Inc., and Reagan Management, Defendants.

No. 93–C–1067–S.

United States District Court,
D. Utah,
Central Division.

Aug. 5, 1994.

Gregory Brent Smith, Affordable Legal Advocates, Salt Lake City, UT, for plaintiffs.

Jathan W. Janaove, Monica Whalen Pace, Salt Lake City, UT, for defendants.

## MEMORANDUM DECISION

SAM, District Judge.

Before the court is the motion of defendants ROA General, Inc., Reagan National Advertising of Austin, Inc., and Reagan Management (Reagan) to dismiss plaintiffs' claims under the Equal Pay Act and Title VII, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Reagan also moves to strike allegations in plaintiffs' amended complaint comparing plaintiffs' duties, compensation, and benefits to a former male coworker and plaintiffs' demand for damages of $3 million. The court, having reviewed the memoranda submitted by the parties, will rule on the motions without the assistance of oral argument, pursuant to D.Ut. 202(d).

## FACTUAL BACKGROUND

According to the complaint, Reagan hired plaintiffs Loveit Baumgardner and Connie Pulley on December 1, 1990 to perform various accounting-related duties. The complaint sets forth specific tasks allegedly performed by each of the plaintiffs and Mike Allred, a former coworker. Plaintiffs allege discrepancies between their compensation and treatment at work and the manner in which Allred was compensated and treated. Baumgardner was terminated December 1, 1991. Plaintiffs subsequently brought suit, claiming Reagan discriminated against them on the basis of their sex, in violation of Title VII, and violated the Equal Pay Act. Reagan now moves to dismiss plaintiffs' Title VII and Equal Pay Act claims on the ground that plaintiffs have failed to plead prima facie violations of these statutes. Reagan also moves to strike the allegations supporting these two claims. Finally, Reagan moves to strike plaintiffs' claim for damages of $3 million in their prayer for relief as excessive in view of the available statutory damages.

## ANALYSIS

Under the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action when the plaintiff has failed "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, "the pleadings should be liberally construed, all well-pleaded factual allegations must be accepted as true, and all reasonable inferences must be drawn in favor of the plaintiff." *Garcia v. Eidal Int'l Corp.*, 808 F.2d 717, 719 (10th Cir.1986), *cert. denied*, 484 U.S. 827, 108 S.Ct. 94, 98 L.Ed.2d 55 (1987); *accord Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir.1991); *Goodnight v. Shalala*, 837 F.Supp. 1564, 1580 (D.Utah 1993). Thus, a cause of action does not warrant dismissal " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim which would entitle him [or her] to relief.' " *Goodnight*, 837 F.Supp. at 1580 (quoting *Lessman v. McCormick*, 591 F.2d 605, 607–08 (10th Cir.1979)). Contrary to plaintiffs' contention, notice pleading is not at issue. Rather, the question before the court is whether plaintiffs' complaint alleges facts which support each of the elements required to sustain their statutory causes of action, thus pleading a prima facie case sufficient to withstand a pretrial motion to dismiss.

█ A claim of gender-based wage discrimination may be brought under both the

Equal Pay Act, 29 U.S.C. § 206(d)(1) (1978)[1] and Title VII, 42 U.S.C. § 2000e–2 (1981).[2] *See Lemons v. City and County of Denver,* 620 F.2d 228, 229 (10th Cir.), *cert. denied,* 449 U.S. 888, 101 S.Ct. 244, 66 L.Ed.2d 114 (1980); *Woodward v. Heritage Imports,* 773 F.Supp. 306, 309 (D.Utah 1991). The elements and burdens of proof for these statutory causes of action are different.

### 1. *Equal Pay Act*

■ Reagan contends plaintiffs have failed to plead all elements of an Equal Pay Act claim and, instead, are proceeding under a "comparable worth" theory. To establish a prima facie case under the Equal Pay Act, plaintiffs must plead and prove they were: (1) "performing work which was *substantially equal* to that of the male employees considering the skills, duties, supervision, effort and responsibilities of the jobs; (2) the conditions where the work was performed were basically the same; (3) the male employees were paid more under such circumstances." *Tidwell v. Fort Howard Corp.,* 989 F.2d 406 (10th Cir.1993) (emphasis added); *accord Kenworthy v. Conoco, Inc.,* 979 F.2d 1462, 1467 (10th Cir.1992); *Equal Employment Opportunity Comm'n v. Central Kansas Medical Ctr.,* 705 F.2d 1270, 1272 (10th Cir. 1983).

In the complaint, as Reagan has highlighted in its Exhibit A (attached to its opening memorandum), plaintiffs have done nothing more than list the duties they and Allred allegedly performed. Although it appears all three individuals were involved in accounting, plaintiffs have made no effort to allege how each of their positions are "substantially equal" to Allred's position.[3] Rather, after setting forth a lengthy list of job duties, plaintiffs allege in conclusory fashion that Reagan violated the Equal Pay Act. Plaintiffs argue, in their memorandum, that, because Allred's job responsibilities "were no more complicated than" plaintiffs' job responsibilities, their pleading is sufficient. In the court's view, such an argument contemplates a claim of comparable worth which is inadequate to support an Equal Pay Act claim. *See Lemons,* 620 F.2d at 229; *Woodward,* 773 F.Supp. at 310.

■ Plaintiffs also respond, in their memorandum in opposition, that Baumgardner "may have" an Equal Pay Act claim with respect to her replacement, Kent Forsgren. An expression of possibility in a memorandum cannot shield inadequate allegations in a complaint from a motion to dismiss. Plaintiffs further state they will be able to prove a prima facie case of disparity between the treatment and pay Forsgren and Baumgardner each received. However, plaintiffs' allegations that Baumgardner was requested to teach her job responsibilities to Forsgren to prepare him to replace her because of her pregnancy, *see* Complaint, ¶¶ 34–35, fall far

---

1. The Equal Pay Act states, in relevant part:

No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.

2. Title VII states, in relevant part:

(a) It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

3. For example, although Allred and Baumgardner allegedly worked with "fixed assets," and Allred and Pulley allegedly worked with "WKR" and "accounts receivable" matters, plaintiffs do not begin to allege how these various duties, performed by plaintiffs and Allred, are "substantially equal." Instead, plaintiffs have distinguished their responsibilities from those of Allred.

short of even specifying Forsgren's job responsibilities and alleging how they were substantially equal to those of Baumgardner and performed under the same conditions.

■ Finally, plaintiffs argue their Equal Pay claim is not thwarted because any difference between their job responsibilities and Allred's responsibilities is a reflection of plaintiffs being forced to perform additional, more demanding duties, beyond those Allred was required to perform. However, for this "extra duties doctrine" to apply, the jobs at issue must involve substantially equal responsibilities, the other sex must also perform "extra duties of equal skill, effort and responsibility," or the extra duties must "take little time" and be of "only peripheral importance." *Equal Employment*, 705 F.2d at 1273; *see also Howard v. Campbell Soup Co.*, 593 F.Supp. 470, 473 (N.D.Ill.1983) ("When both sexes perform many of the *same duties*, with the female performing extra duties requiring greater skills, these extra duties will not remove the jobs from Equal Pay Act protections."); 29 CFR § 1620.14(b) (duties and working conditions of employees "are *substantially the same*, except that an employee of one sex is required to perform some duty or duties involving a higher skill which an employee of the other sex is not required to perform"). Plaintiffs' argument fails on all three counts. First, as the court concluded above, plaintiffs have not pleaded their job duties are substantially the same as Allred's or Forsgren's. Second, plaintiffs do not allege Allred, or even Forsgren, also performed extra duties equivalent to those plaintiffs performed. Third, there are no allegations the extra duties plaintiffs allegedly performed were only of "peripheral importance." Rather, because it appears the duties plaintiffs allegedly performed differed from those Allred performed, plaintiffs' so-called "extra duties" actually constituted the bulk of their job descriptions.

Accordingly, even construing all reasonable inferences in favor of plaintiffs, the court concludes plaintiffs have not pleaded a required element of their Equal Pay Act claim and dismisses this cause of action.

**4.** *See* footnote 1 *supra.*

### 2. *Title VII*

■ In *County of Washington v. Gunther*, 452 U.S. 161, 101 S.Ct. 2242, 68 L.Ed.2d 751 (1981), the United States Supreme Court distinguished between the requirements for claims under Title VII and the Equal Pay Act. The Court held the four affirmative defenses to the Equal Pay Act[4] apply to Title VII. *See id.* at 168, 101 S.Ct. at 2247. However, the Court reasoned that, if "only those sex-based wage discrimination claims that satisfy the 'equal work' standard of the Equal Pay Act could be brought under Title VII," and "an employer hired a woman for a unique position in the company and then admitted that her salary would have been higher had she been male, the woman would be unable to obtain legal redress." *Id.* at 178–79, 101 S.Ct. at 2252. The Court, thus, concluded the Equal Pay Act's "substantially equal work" standard does not apply to Title VII claims. *See id.* at 180, 101 S.Ct. at 2253.

*Gunther* left unanswered the issue of "the precise contours of lawsuits challenging sex discrimination in compensation under Title VII." *Id.* at 181, 101 S.Ct. at 2254. As the Court of Appeals for the Eleventh Circuit recently explained, "[t]he issue remaining after *Gunther* is the method for establishing gender-based wage discrimination under Title VII, specifically whether the traditional Title VII method of proof or the framework established by the Equal Pay Act applies." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1528 (11th Cir.1992). In the wake of *Gunther*, lower courts have expressed differing interpretations of the elements and burdens of proof in Title VII and Equal Pay Act claims. *See, e.g.*, cases cited in *Meeks v. Computer Assocs. Int'l*, 15 F.3d 1013, 1020 (11th Cir.1994) and *Miranda*, 975 F.2d at 1530.

In *Miranda*, the Eleventh Circuit addressed the issue of Title VII analysis, concluding Title VII embraces a more "relaxed standard of similarity between male and female-occupied jobs." *Miranda*, 975 F.2d at 1526 and 1529 n. 15; *accord Equal Employment Opportunity Comm'n v. Reichhold Chems., Inc.*, 988 F.2d 1564, 1570 (11th Cir. 1993). Therefore, a plaintiff is "not required to meet the exacting standard of substantial

equality of positions set forth in the Equal Pay Act" and may establish "a *prima facie* case of sex discrimination under Title VII by demonstrating that she is female and that the job she occupied was similar to higher paying jobs occupied by males." *Id.,* 975 F.2d at 1529 & n. 15; *accord Meeks,* 15 F.3d at 1019; *Reichhold,* 988 F.2d at 1570. Once the plaintiff establishes a prima facie case, the defendant has "the burden of producing a legitimate, non-discriminatory reason for the pay disparity." *Id.* at 1529; *accord Meeks,* 15 F.3d at 1019. If the defendant so justifies its practice, the plaintiff must establish, by a preponderance of the evidence, the defendant intentionally discriminated against the plaintiff. *See id.; accord Meeks,* 15 F.3d at 1019.

The Court of Appeals for the Tenth Circuit compared the Equal Pay Act and Title VII in *Tidwell.* The court recognized that the Equal Pay Act's "equal work requirement" has not been incorporated into Title VII claims. *Tidwell,* 989 F.2d at 411.[5] Noting the "different procedure under the two statutes as to the burden of proof, and the different elements to be established," the court further set forth the same burden-shifting analysis outlined in *Miranda. Id.* at 409, 410.

In view of the above standards, the court is of the opinion plaintiffs must first, at least, plead and prove their positions and those of higher-paid male coworkers were similar. However, for the reasons explained above, the court concludes the allegations in plaintiffs' complaint do not even meet a more relaxed standard of similarity. With the exception of a few random phrases, such as "fixed assets," "accounts receivable," and "WKR," plaintiffs' job duties appear very dissimilar to each other and to Allred's. The court is, thus, of the opinion plaintiffs have not satisfied the pleading requirements of a Title VII claim. Accordingly, the court dismisses this cause of action also.

In view of the court's dismissal of plaintiffs' Equal Pay Act and Title VII claims, the court grants Reagan's motion to strike as immaterial the portions of the complaint which list the alleged job duties, benefits, and treatment of plaintiffs and Allred. *See* Fed. R.Civ.P. 12(f). The court, likewise, grants Reagan's motion to strike plaintiffs' demand for damages of $3 million, as this figure is, in part, predicated upon plaintiffs' Equal Pay Act and Title VII claims.

## CONCLUSION

In sum, the court finds plaintiffs have failed to state claims under the Equal Pay Act and Title VII upon which relief may be granted. Because plaintiffs' allegations describing job duties, benefits, and treatment, as well as their demand for damages, are based upon these statutory claims, they are immaterial. The court, therefore, grants Reagan's motions to dismiss and to strike in their entirety.

It is so ordered.

---

5. With regard to *Ammons v. Zia Co.,* 448 F.2d 117 (10th Cir.1971), a case in which the court required a Title VII plaintiff to establish her work was "substantially equal" to higher-paid males, *see id.* at 120, the court noted "[t]he Supreme Court as to the order of proof, burdens, and otherwise has made many changes since 1971 which have substantially modified *Ammons.*" *Id.* at 410.