**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 6 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DONITA PFAHL; RAMONA BALES,

Plaintiffs-Appellants,

v.

SYNTHES (USA), a Pennsylvania
Corporation,

Defendant-Appellee.

No. 00-1095
(D.C. No. 97-Z-2150)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **EBEL** , **BARRETT** , and **KELLY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs Donita Pfahl and Ramona Bales filed this discrimination action against Synthes (USA) alleging various employment-related claims. The district court granted summary judgment to Synthes and plaintiffs appealed. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the district court's judgment as to all claims of both plaintiffs.

## I.     Donita Pfahl

Pfahl, who has a bachelor's degree in industrial technology, was employed by Synthes at its manufacturing facility for orthopedic implant devices in Monument, Colorado, from December 1988 until May 1998. [1] She began work as a manufacturing engineer and, by 1992, advanced to the position of production manager. During her tenure as a manager, Pfahl consistently received positive comments on her technical abilities, but negative evaluations of her communication, interpersonal, and management skills. In late 1996, when the new position of manufacturing manager was created as an intervening level of supervision between production manager and plant manager, Pfahl was not considered for the job.

---

[1]     We review the evidence in the light most favorable to plaintiffs, the nonmoving parties on summary judgment. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs*., 165 F.3d 1321, 1326 (10th Cir. 1999).

After Timothy Menke, a male production manager, was promoted to the manufacturing manager position, Pfahl's difficulties with subordinates and coworkers appeared to escalate. Pfahl complained to Menke, who was now her supervisor, that certain operators were speaking of her in offensive, gender-based terms and making jokes about her weight. For their part, several operators approached Menke, telling him that Pfahl's confrontational and hostile manner had led to such dangerously low morale that employees were leaving the department.

On January 7, 1997, the plant manager and Menke met with Pfahl to express their concerns about the personnel problems in her department. Pfahl was told that she was a liability the company could no longer afford, and that appropriate action would be taken against her. She left the meeting feeling that her "job was on the line." Appellant's App., Vol. II at 306. On January 15, Pfahl went to the Denver office of the Equal Employment Opportunity Commission (EEOC), where she completed a questionnaire preparatory to filing a discrimination charge against Synthes. Later that month, Pfahl told the Synthes human resources manager that she had filed an EEOC complaint.

Meanwhile, plant and corporate management reached a decision on Pfahl's future with Synthes. She was to be reassigned to a technical position without management responsibilities, at the same pay as her previous position. Pfahl was

informed of this determination on February 18. A week later, she signed a formal EEOC charge. Pfahl remained a Synthes employee until May 1, 1998, when she accepted a position at another firm.

Pfahl filed a complaint against Synthes in district court alleging, as relevant to this appeal, sexual harassment in the form of a hostile work environment, gender discrimination in failure to promote, and retaliatory demotion. In this appeal, we review the district court's entry of summary judgment "de novo, applying the same legal standard used by the district court." *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

**A.     Hostile Work Environment Claim**

Pfahl contends that she has raised a genuine issue of material fact as to whether Synthes maintained a hostile work environment. "For a hostile environment claim to survive a summary judgment motion, 'a plaintiff must show that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter

the conditions of the victim's employment and create an abusive working environment.'" *Penry v. Fed. Home Loan Bank*, 155 F.3d 1257, 1261 (10th Cir. 1998) (quoting *Davis v. United States Postal Serv*., 142 F.3d 1334, 1341 (10th Cir. 1998)). Pfahl's claim is based on her allegations that (1) some operators spoke of her in derogatory, gender-based terms; (2) in 1993 or 1994 another production manager had hugged her and rubbed her shoulders; (3) a bottle labeled "holy water for she-devils" was left on her desk; and (4) "Reeses Pieces" candy wrappers were left on her desk. The totality of this conduct does not add up to an abusive working environment. The district court properly granted summary judgment to Synthes on this claim.

## B. Failure to Promote

Pfahl argues that Synthes' failure to promote her to the manufacturing manager position was discriminatory. A prima facie case of illegal failure to promote under Title VII requires a plaintiff to demonstrate: (1) there was a promotional opportunity available; (2) the plaintiff was qualified and had established availability for the position; (3) despite the plaintiff's qualifications, she was not promoted to the position; and (4) the promotional opportunity remained opened or was filled. *See Sprague v. Thorn Americas, Inc*., 129 F.3d 1355, 1362 (10th Cir. 1997); *see also Amro v. Boeing Co.*, 232 F.3d 790, 796 & n.2 (10th Cir. 2000) (clarifying that the fourth prong does not require

a showing that the position "was filled by someone outside the plaintiff's protected class"). "Once the plaintiff has established a prima facie case, '[t]he burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason' for its employment action. If the defendant makes this showing, the plaintiff must then show that the defendant's justification is pretextual." *Kendrick v. Penske Trans. Servs.*, *Inc.*, 220 F.3d 1220, 1226 (10th Cir. 2000) (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 804 (1973)).

In 1996, when the position of manufacturing manager was created and filled, Synthes' perception of Pfahl's management weaknesses was well-documented in her annual performance appraisals. Although Pfahl has made out the requisite prima facie case, she has failed to come forward with any evidence on the issue of pretext. Accordingly, summary judgment was the appropriate disposition of this claim.

### C. Retaliation

Pfahl claims that Synthes retaliated against her for asserting her charges of gender discrimination. To satisfy the prima facie case of retaliation, a plaintiff must establish that: "(1) he or she engaged in protected opposition to discrimination; (2) he or she was subject to adverse employment action; and (3) a causal connection exists between the protected activity and the adverse

-6-

action." *Kendrick*, 220 F.3d at 1234. As with discrimination claims, if the plaintiff establishes a prima facie case of retaliation,

> the burden shifts to the employer to articulate a nondiscriminatory reason for the adverse employment action. If the employer satisfies this burden of production, then, in order to prevail on her retaliation claim, the plaintiff must prove that the employer's articulated reason for the adverse action "is pretextual, i.e. unworthy of belief."

*Selenke v. Med. Imaging of Colo.*, 248 F.3d 1249, 1264 (10th Cir. 2001) (quoting *Anderson v. Coors Brewing Co*., 181 F.3d 1171, 1177 (10th Cir. 1999)) (further quotation omitted).

For summary judgment purposes, we conclude that Pfahl has satisfied the first two prongs of the test by showing that she sought the assistance of the EEOC and that she was removed from her management position. However, Pfahl has not shown a causal connection between the protected activity and the removal. Under the uncontested facts, Pfahl's job was in jeopardy before she engaged in any protected activity. As we have stated, further disciplinary action "simply complet[ing] the disciplinary process already set in motion," does not necessarily lead to an inference of retaliatory motive. *Morgan v. Hilti, Inc*., 108 F.3d 1319, 1324 (10th Cir. 1997). Moreover, even assuming Pfahl established a prima facie case, she has offered no evidence to show that Synthes' concerns about her management shortcomings were pretextual. The district court's grant of summary judgment on the retaliation claim was correct.

## II.	Ramona Bales

In September 1995, Bales was hired as a machine operator in the plate department in Synthes' Monument facility. The manager who hired her determined that she had no direct experience, but believed that she had a strong work ethic and that, with experience, she would be proficient at the job. Bales' starting pay rate was the highest of the other three machine operators (all male) hired in her department in 1995. Because Bales proved to be an exemplary employee, she was promoted to senior lead machine operator and subsequently received more pay than four males who also hold the position of senior lead machine operator.

Bales, however, contends that her initial pay rate was set in contravention of the Equal Pay Act, *see* 29 U.S.C. § 206(d)(1). She points out that, at the time she was hired, Synthes started an individual named Larry Dozal as a machine operator in another department at higher pay rate. To establish a prima facie case under the Equal Pay Act, a plaintiff must demonstrate "'that (1) she was performing work which was substantially equal to that of the male employees considering the skills, duties, supervision, effort and responsibilities of the jobs; (2) the conditions where the work was performed were basically the same; (3) the male employees were paid more under such circumstances.'" *Sprague* ,

129 F.3d at 1363-64 (quoting *Tidwell v. Fort Howard Corp*., 989 F.2d 406, 409 (10th Cir. 1993)).

Bales argues that there is a genuine issue of material fact as to whether she was paid less than Dozal for equal work in a job which required equal skill, effort, and responsibility and which was performed under similar working conditions. As the district court stated, however, "Dozal was hired by a different person in a different department which had different machines" and that Dozal had "extensive [previous] milling experience." Appellant's App., Vol. III at 23 (Tr. of Jan. 13, 2000 hearing). The record fully supports this statement.[2] Bales failed to produce evidence showing that Dozal's job functions were substantially similar to hers and, therefore, the entry of summary judgment was proper.

---

[2] Bales also claims error in the district court's limitation of her discovery requests for pay information on all the machine operators in the plant. The denial of Bales' overbroad requests was well within the district court's discretion. *See Munoz v. St. Mary-Corwin Hosp*., 221 F.3d 1160, 1169 (10th Cir. 2000) (stating that we review a district court's discovery order for abuse of discretion).

**III. Conclusion**

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court


David M. Ebel
Circuit Judge