Deborah M. ROSE, Plaintiff(s),

v.

GOLDMAN, SACHS & CO., INC., Defendant(s).

No. 00CIV9319LTSJCF.

United States District Court, S.D. New York.

Sept. 6, 2001.

Liddle & Robinson, LLP, by Blaine H. Bortnick, New York City, for plaintiff Deborah M. Rose.

Sullivan & Cromwell, by Robin D. Fessel, New York City, for defendant Goldman, Sachs & Co., Inc.

### MEMORANDUM OPINION AND ORDER

SWAIN, District Judge.

Plaintiff Deborah M. Rose ("Plaintiff") brings this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); the Federal Equal Pay Act, 29 U.S.C. § 206(d) ("Equal Pay Act"); the New York State Human Rights Law § 290, *et seq.;* the New York State Equal Pay Law, N.Y. Labor Law § 194(1); and the New York City Administrative Code § 8–101, *et seq.*. This matter comes before the Court on the motion of Defendant Goldman, Sachs & Co., Inc. ("Defendant"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint for failure to state a claim upon which relief may be granted. Subsequent to the filing of Defendant's motion, Plaintiff interposed an amended complaint. In response to this Court's order directing Defendant to indicate whether and to what extent it wished its motion to dismiss to be considered in connection with the amended complaint, Defendant indicated its desire that the Court consider the motion to dismiss "fully" in connection with the amended complaint. Defendant thereafter filed a reply brief addressing the amendments.

The Court has considered thoroughly the parties' submissions and proffers. For the reasons set forth below, Defendant's motion to dismiss the complaint is granted, without prejudice to Plaintiff's right to amend her complaint within thirty (30) days from the date hereof.

The Court has jurisdiction of this matter pursuant to sections 1331 and 1367 of Title 28 of the United States Code.

### BACKGROUND

The following facts are drawn from Plaintiff's amended complaint and form the basis for Plaintiff's assertion of each of the above-referenced claims. Plaintiff is a female who was employed by Defendant from June 1990 through July 2000. (Am. Compl.¶ 1.) Plaintiff commenced employment with Defendant as a tax accountant. In May 1995, Plaintiff was promoted to the position of Vice President in Defendant's Operations, Technology and Finance Division, and, in January 1997, Plaintiff became Vice President in the Investment Management Division. (*Id.* ¶ 9.) Throughout the course of her ten-year employment with Defendant, Plaintiff was well-qualified for the positions she held, performed her duties in a professional and competent manner, and consistently met or exceeded Defendant's expectations of her. (*Id.* ¶¶ 11–12.) Plaintiff always performed the job requirements in a manner at least equal to that of her male counterparts; however, her qualifications and positive performance notwithstanding, Plaintiff was denied opportunities, such as increased base and bonus compensation, that were provided by Defendant to male employees in her division. (*Id.* ¶ 13.) Specifically, Plaintiff asserts, upon information and belief, that the percentage increases in base

salary given to her for the years 1991 through 2000, as well as her bonus payments for those years, were "significantly less than those provided to male employees for substantially equal work in positions requiring equal skill, effort and responsibility and performed under similar working conditions as that of [Plaintiff]." (*Id.* ¶ 14.)

## DISCUSSION

On a motion to dismiss a complaint under Rule 12(b)(6), a court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir.2001) (quoting *Tarshis v. Riese Org.*, 211 F.3d 30, 35 (2d Cir. 2000)). The court should not dismiss the complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Bald assertions and conclusions of law will not, however, suffice to state a claim. *Tarshis*, 211 F.3d at 35 (citing *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996)).

*Title VII, New York Human Rights Law and New York City Administrative Code Claims*

■■■ To establish a *prima facie* case of discrimination under Title VII, a plaintiff must demonstrate that: 1) she is a member of the protected class; 2) she was qualified for and satisfactorily performing her job; 3) she was subjected to an adverse employment decision; and 4) the adverse decision occurred under circumstances giving rise to an inference of discrimination. *Tarshis*, 211 F.3d at 36; *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). While the pleading requirements in discrimination cases are "very lenient, even *de minimus*," (*Brown v. Coach Stores, Inc.*, 163 F.3d 706, 710 (2d Cir.1998)), a plaintiff is required to set forth specific factual allegations to establish a *prima facie* case. *Ortega v. New York City Off–Track Betting Corp.*, No. 97 Civ. 7582, 1999 WL 342353, at *5 (S.D.N.Y. May 27, 1999). Claims brought under the New York State and New York City Human Rights Laws are held to the same standard as Title VII claims. *Dooner v. Keefe, Bruyette & Woods, Inc.*, 157 F.Supp.2d 265, 280 (S.D.N.Y.2001).

■■■ Defendant contends that Plaintiff's allegations of sex-based disparate treatment are too vague and conclusory to state a claim under Title VII, the New York State Human Rights Law, or the New York City Administrative Code. Plaintiff argues, on the other hand, that the following allegations are sufficient to make out those aspects of her *prima facie* case under the relevant statutes at the pleading stage:

> Despite Rose's qualifications ..., *upon information and belief*, Goldman Sachs denied Rose opportunities—including increased based and bonus compensation—provided to male employees in her division ... [;]

> Specifically, *upon information and belief*, the percentage raises in base salary Rose received for calendar years 1991 through 2000, as well as the bonus compensation she was awarded for calendar years 1991 through 2000, were significantly less than those provided to male employees for substantially equal work

in positions requiring equal skill, effort and responsibility and performed under similar working conditions as that of Rose [; and]

The foregoing actions took place under circumstances giving rise to an inference that Rose's sex was a factor taken into consideration by Goldman Sachs in its employment decisions.

(Am.Compl. ¶¶ 13–15.) (emphasis supplied).

■ "One way to create an inference of discrimination is to show that similarly situated employees, outside plaintiff's protected class, were treated preferentially." *Campbell v. Alliance Nat'l Inc.*, 107 F.Supp.2d 234, 244 (S.D.N.Y.2000) (citations omitted). However, conclusory allegations of the type proffered by Plaintiff are insufficient to raise an inference of discrimination. *See, e.g., Dean v. Westchester County Dist. Attorney's Office*, 119 F.Supp.2d 424, 430 (S.D.N.Y.2000) ("the mere fact that [plaintiff] believed [and alleged on information and belief that] white, male employees similarly situated were not disciplined for similar professional failures is not a sufficient basis to infer discrimination")[1]; *see also Martin v. New York State Dep't of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir.1978) (a complaint consisting of nothing more than naked assertions [that plaintiff was denied the perquisites of his position because of his race] ... fails to state a claim under Rule 12(b)(6)); *Baumgardner v. ROA Gen., Inc.*, 864 F.Supp. 1107, 1110 (D.Utah 1994) (to survive a Rule 12(b)(6) motion, "plaintiffs must, at least, plead and prove [that] their positions

and those of higher-paid male coworkers were similar.").

In this case, Plaintiff has provided no specific factual allegations to enable the Court to evaluate her information and belief assertions that male employees of Defendant performing "substantially equal work" were treated preferentially. *Cf. Ortega*, 1999 WL 342353, at *5 ("outside of vague and conclusory statements as to the 'exemplary' manner in which plaintiff performed her job, the complaint does not point to any employer evaluations reporting strong performance"). Indeed, Plaintiff has done nothing more than to paraphrase relevant legal standards and assert, on information and belief, that she has been discriminated against. The Court finds that the vague, conclusory allegations in Plaintiff's amended complaint are insufficient to establish a *prima facie* case of discrimination. Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's claims of sex discrimination under Title VII, the New York State Human Rights Law and the New York City Administrative Code.

*Equal Pay Act and New York State Equal Pay Law Claims*

■ In order to establish a violation of the Equal Pay Act, a plaintiff must show that: 1) the employer pays different wages to employees of opposite sexes; 2) the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and 3) the jobs are performed under similar working conditions. *Lavin–McEleney v. Marist Coll.*, 239 F.3d 476, 480 (2d Cir.2001) (citations omitted); *see*

---

1. Plaintiff argues that, unlike the plaintiff in *Dean*, who had not alleged a "specific comparison between her treatment and that of similarly situated ... male employees," (*Dean*, 119 F.Supp.2d at 430), she has made a specific comparison of the treatment given her and male employees performing substantially equal work. Plaintiff neglects, however,

to acknowledge that, in dismissing the complaint in *Dean*, the court had considered, and rejected as insufficient, an "information and belief" assertion similar to the ones relied on by Plaintiff in this case. *Compare Dean*, 119 F.Supp.2d at 429–30 *with* Am.Compl. ¶¶ 13–14.

*also* 29 U.S.C.A. § 206(d)(1) (West 1998). A plaintiff is not required to demonstrate that her job is identical to a higher paid position, but rather must show that the two positions are "substantially equal" in skill, effort and responsibility. *Lavin–McEleney,* 239 F.3d at 480 (citations omitted); *Bass v. World Wrestling Fed'n Entm't, Inc.,* 129 F.Supp.2d 491, 503 (E.D.N.Y.2001) (citations and internal quotations omitted). Claims for violations of the Equal Pay Act and the New York State Equal Pay Law may be evaluated under the same standard. *See Gibson v. Jacob K. Javits Convention Center of New York,* No. 95 Civ. 9728, 1998 WL 132796, at *2 (S.D.N.Y. Mar.23, 1998); *Abdullajeva v. Club Quarters, Inc.,* No. 96 Civ. 0383, 1996 WL 497029, at *5 (S.D.N.Y. Sept.3, 1996).

Defendant argues that Plaintiff's Equal Pay Act and New York State Equal Pay Law claims should be dismissed for Plaintiff's failure to allege facts sufficient to establish that the jobs performed by Plaintiff and her male co-workers were "substantially equal." Plaintiff maintains, however, that the allegations in her amended complaint provide the level of detail necessary to give Defendant fair notice of the nature of her claims and the grounds upon which they rest and to survive a motion to dismiss pursuant to Rule 12(b)(6). Plaintiff further contends that she has provided Defendant with the identities of the male counterparts referred to in her amended complaint. In support of such contention, Plaintiff annexes to her opposition papers a copy of the position statement filed by Defendant with the Equal Employment Opportunity Commission ("EEOC"), wherein Defendant concedes that Plaintiff provided it with the names of asserted male "comparators," but maintains nonetheless that none of the males identified was similarly situated to Plaintiff. (*See* Exhibit C to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss at 11–12.) [2]

■ To survive a motion to dismiss, a plaintiff is required to proffer factual support for the allegation that her employer violated the Equal Pay Act. *See Frasier v. Gen. Elec. Co.,* 930 F.2d 1004, 1007–08 (2d Cir.1991); *Lacey v. Carroll McEntee & McGinley, Inc.,* No. 93 Civ. 8832, 1994 WL 592158, at *3 (S.D.N.Y. Oct.26, 1994). "Even at the motion to dismiss stage, vague, conclusory, and speculative allegations will not save an Equal Pay Act claim." *Bass,* 129 F.Supp.2d at 503 (motion to dismiss granted where plaintiff failed to "elaborate facts supporting her 'information and belief' or even giving rise to a reasonable inference to support her claim"); *see also Frasier,* 930 F.2d at 1007–08 (allegation that plaintiff "was not

2. In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must limit itself to "facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.,* 102 F.3d 660, 662 (2d Cir.1996) (quoting *Kramer v. Time Warner Inc.,* 937 F.2d 767, 773 (2d Cir.1991)). Although Plaintiff has not attached exhibits to her amended complaint for the Court's consideration, she has incorporated by reference the charge of discrimination she filed with the EEOC on February 24, 2000. (*See* Am.Compl. ¶ 7.) In determining the instant motion, the Court may therefore consider the facts set forth therein. *See Gregory,* 243 F.3d at 691. By contrast, Defendant's EEOC position statement is not referred to in the amended complaint. The Court therefore shall not consider the contents of, or the parties' arguments with respect to, the position statement for purposes of this analysis.

Having reviewed Plaintiff's charge of discrimination, the Court finds that it sets forth in no greater detail than Plaintiff's amended complaint the facts forming the basis of her asserted claims.

receiving equal pay for equal work" held "too conclusory"); *Abdullajeva,* 1996 WL 497029, at *5; *Black v. New York University Med. Ctr.,* No. 94 Civ. 9074, 1996 WL 280802, at *4 (S.D.N.Y. May 24, 1996); *Lacey,* 1994 WL 592158, at *3; *cf. Kimura v. Japanese Educ. Inst. of New York,* No. 96 Civ. 6063, 1997 WL 1048909, at *5 (E.D.N.Y. Nov.4, 1997) (motion to dismiss denied where plaintiff alleged that younger male teachers were hired to fill the identical position plaintiff held before being fired); *AFSCME v. County of Nassau,* 609 F.Supp. 695, 698–99, 708 (E.D.N.Y.1985) (motion denied where each individual plaintiff's job title was compared in complaint with another specific job title).

With respect to her equal pay claims, Plaintiff's amended complaint contains nothing more than bald assertions that she and male employees of Defendant received disparate wages for substantially equal jobs under similar working conditions. (*See* Am.Compl. ¶¶ 13–14.) The Court finds that such allegations are too conclusory to state a claim under the Equal Pay Act or the New York State Equal Pay Law. Accordingly, Defendant's motion to dismiss those claims is granted.

### CONCLUSION

For the reasons stated above, Defendant's motion to dismiss the complaint is granted in its entirety. Plaintiff's is hereby granted leave to file a second amended complaint within thirty (30) days from the date hereof.

SO ORDERED.